UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOE HAND PROMOTIONS, INC.,

      Plaintiff,                          Case No. 3:23-cv-52

vs.

ZUFAN DAMENE, *et al*.,               District Judge Michael J. Newman
                                     Magistrate Judge Caroline H. Gentry

      Defendants.

---

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT (Doc. No. 14); (2) AWARDING PLAINTIFF $16,752; AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

      This civil case arises from a bar owner's alleged failure to pay the appropriate licensing fee when showing a televised fight program to its patrons. Doc. No. 1 at PageID 4. Now before the Court is Plaintiff Joe Hand Promotions, Inc.'s motion for a default judgment against Defendants Zufan Damene and Blue Nile Entertainment LLC. Doc. No. 14. Plaintiff filed this lawsuit on February 17, 2023 seeking damages pursuant to 47 U.S.C. §§ 553 and 605. Doc. No. 1 at PageID 1.

      After Defendants failed to timely respond to the complaint or appear in this matter, the Clerk of Court docketed an entry of default against them pursuant to Fed. R. Civ. P. 55(a). Doc. No. 13. Plaintiff thereafter moved for a default judgment pursuant to Fed. R. Civ. P. 55(b). Doc. No. 14. Plaintiff seeks a declaratory judgment in the amount of $31,752.00 for statutory damages, attorneys' fees, and costs and expenses. Doc. No. 14-8 at PageID 95. Defendants have not filed a memorandum in opposition, and the time for doing so under S.D. Ohio Civ. R. 7.2(a)(2) has expired. Thus, this matter is ripe for review.

**I.**

A party defaults when it fails to "plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Once default is shown by affidavit or otherwise, "the clerk must enter the party's default." *Id.* After entry of default against a defaulting party:

> If plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has defaulted by not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). Otherwise, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). In determining whether to enter a default judgment, the Court should consider: "(1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

After Plaintiff's original summonses were returned as unexecuted (Doc. Nos. 4, 5), Plaintiff requested service on Defendants by the Clerk of Court. Doc. Nos. 6, 7. The Clerk issued a certificate showing that Defendants were served by mail on May 1, 2023. Doc. No. 9. Despite proper service, Defendants have failed to file an answer or otherwise plead in response to Plaintiff's complaint within the time allowed under Fed. R. Civ. P. 12. As a result, the Clerk entered a default against Defendants. Doc. No. 13. Defendants have since failed to offer any objection to the entry of default and have not moved to set aside that default. Without such action by Defendants, the record lacks any explanation for Defendants' failure to respond to Plaintiff's complaint. Therefore, default judgment is warranted against Defendants.

This does not end the matter because a default judgment fails as a matter of law if Plaintiff's complaint does not assert a plausible claim upon which relief can be granted. *See Gen. Conf. Corp.*

*of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 407 (6th Cir. 2010).  Moreover, the Court must determine that jurisdiction is proper over Defendants and, if so, ascertain appropriate damages.  *See Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 455 (6th Cir. 2011); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010).

## II.

Plaintiff satisfies all requirements necessary for a default judgment.  First, the Court possesses jurisdiction to hear this case; second, there are plausible grounds for relief; and third, Plaintiff has proven damages.  *See Gen Conf. Corp. of Seventh-Day Adventists*, 617 F.3d at 407; *Flynn*, 440 F. App'x at 455; *Citizens Bank*, 376 F. App'x at 501.

### A.  Jurisdiction

As with all cases, subject matter and personal jurisdiction are threshold requirements. There is federal question jurisdiction here pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 47 U.S.C. §§ 553 and 605.  *See* Doc. No. 1 at PageID 4, 6.  Therefore, the Court has subject matter jurisdiction over this case.

The Court can also exercise personal jurisdiction over Defendants.  When a federal court has subject matter jurisdiction over a case through "the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process.'"  *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)).  In the instant case, Defendants transacted business within Ohio—specifically, Dayton, Ohio, where Defendants operate Oddbody's Music Room—so they purposefully availed themselves of the opportunity to conduct business within Ohio.  Doc. No. 6 at PageID 59; *see Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006).  Looking to the underlying dispute,

Plaintiff's televised fight program was shown at Defendants' establishment in Ohio, the forum state. *See CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996). Thus, the cause of action—Defendants' unauthorized broadcast of Plaintiff's televised fight program at a commercial establishment—arises from Defendants' contacts with Ohio, so the Court can exercise personal jurisdiction. Doc. No. 1 at PageID 3-4; *see, e.g.*, *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 885–86 (2011).

### B.  Liability

Once default has been entered, the factual allegations in the complaint, except those related to damages, are accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013) (treating the factual allegations of a complaint on liability as true because the defendant produced no timely responsive pleading).

Plaintiff alleges that Defendants are liable under the Communications Act, 47 U.S.C. § 605,  and the Cable and Television Consumer Protection and Competition Act, 47 U.S.C. § 553. Doc. No. 1 at PageID 1.  However, Plaintiff correctly indicates that it can only recover under either—not both—of these statutory provisions. Doc. No. 14-4 at PageID 75; *see, e.g., Joe Hand Promotions, Inc. v. Hashem*, No. 3:20-CV-308, 2021 WL 5025084 at *2 (E.D. Tenn. Oct. 27, 2021). Plaintiff elects to recover damages under § 605. Doc. No. 14-4 at PageID 75. Thus, the Court need only determine whether the complaint states a plausible claim under § 605 of the Communications Act. *See Hashem*, 2021 WL 5025084 at *2.

The Communications Act of 1934 prohibits persons from receiving, transmitting, intercepting, or publishing radio communications without authorization. 47 U.S.C. § 605(a). It allows an aggrieved party to elect to recover attorneys' fees, costs, and either actual or statutory damages from those who violate § 605(a). 47 U.S.C. § 605(e)(3)(B)(ii)-(iii). To determine whether a plaintiff is entitled to recover under this section, the Sixth Circuit has directed courts to

"look to whether (1) the plaintiff had a proprietary interest in the communication; (2) the defendant intercepted that communication; and (3) the defendant unlawfully divulged the communication to its patrons." *Joe Hand Promotions, Inc. v. Turner*, No. 3:19-CV-012, 2021 WL 1383267 at *3 (S.D. Ohio April 13, 2021) (citing *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 914-17 (6th Cir. 2001).

Here, the Court finds that Plaintiff sufficiently alleges a plausible cause of action under § 605(a).  First, Plaintiff alleges that it "was granted the exclusive nationwide commercial distribution (closed circuit) rights to the […] Wilder v Fury Championship Fight on Saturday February 22, 2020[.]"  Doc. No. 1 at PageID 4-5.  Second, Plaintiff alleges that Defendants unlawfully intercepted Plaintiff's televised program.  Doc. No. 1 at PageID 3.  Finally, it alleges that Defendants willfully and unlawfully "receive[d], publish[ed], divulge[d], display[ed], and/or exhibit[ed] the televised program at the time of its transmission at their commercial establishment in Dayton, Ohio."  Doc. No. 1 at PageID 5.

Additionally, "even if the individual defendants had not personally intercepted the [program], the complaint adequately alleges their vicarious liability. *Id.* at *3.  To establish vicarious liability, a plaintiff must show that each defendant had the ability to supervise the violations and a strong financial interest in the violations. *Id.*  Here, Plaintiff alleges that Defendant Damene—the individual on the liquor license for Oddbody's Music Room—"had the right and ability to supervise the activies of those employees of Oddbody's Music Room."  Doc. No. 3 at PageID 3. Plaintiff also alleges that Defendant Blue Nile Entertainment LLC—the corporate operator of Oddbody's Music Room—"had the obligation to supervise the activities of" that establishment.  Doc. No. 1 at PageID 3.  Accordingly, Plaintiff's claim for relief is plausible and satisfies this factor of the default judgment analysis. *See, e.g., Joe Hand Promotions v. Krazy*

*Chicken Int'l LLC*, No. 3:22-CV-59, 2022 WL 3022539 at PageID *2 (E.D. Tenn. July 29, 2022) (finding liability—including vicarious liability—in a similar case).  Therefore, the Court will turn to the proper remedy.

### C.  Damages

Where a violation of § 605(a) has occurred, a "plaintiff is entitled to elect statutory or actual damages." *Turner*, 2021 WL 1383267 at *4.  Here, Plaintiff seeks statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff also seeks attorneys' fees and costs pursuant to § 605(e)(3)(B)(iii).

"[W]hile liability may be shown by well-pleaded allegations, the district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015)).  Under Rule 55(b)(1), a court may enter judgment by default when the claim is for a sum certain, including sums calculable "from the terms of a written document such as a contract or promissory note." *Dailey v. R & J Comm'l Contracting*, No. C2-01-403, 2002 WL 484988, at *3 (S.D. Ohio Mar. 28, 2002) (citing Fed. R. Civ. P. 55(b)(2)).  A court may do so without a hearing if damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1 (quoting *Wilson v. D & N Masonry, Inc.*, No. 1:12-cv-922, 2014 WL 30016, at *1 (S.D. Ohio Jan. 3, 2014)); *see also Meyer v. City of Cincinnati*, 943 F.2d 52 (6th Cir. 1991) (noting that under Rule 55(b)(1), a district court is "required to enter a default judgment" in the amount computable to a sum certain).

6

###### i. Statutory and Enhanced Damages

The Court has the discretion to set the base statutory recovery under § 605 between $1,000 and $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). In calculating statutory damages, district courts within the Sixth Circuit generally consider the price defendants would have paid to legally display the broadcast and the plaintiff's cost to enforce its broadcasting rights. *Krazy Chicken Int'l LLC*, 2022 WL 3022539 at *3. These courts also consider other factors, such as the number of patrons who may have viewed the unauthorized broadcast, the capacity of the establishment, whether the defendants charged a "cover" to enter the establishment, and whether defendants have committed multiple violations. *Id.*

Here, Plaintiff seeks $10,000—the maximum—in statutory damages. Doc. No. 14-4 at PageID 89. However, Plaintiff submitted evidence showing that Defendants should have paid $2,500 to lawfully display the program. Doc. No. 14-5 at PageID 92 (affidavit of Darcie Rhodeback—Plaintiff's private investigator—estimating the capacity of Oddbody's Music Room is 200 people); Doc. No. 14-2 at PageID 72 (pricing document for business viewing based on fire code occupancy). Plaintiff's investigator estimated that 46 to 52 people were present while Defendants were displaying the program on five televisions and an inflatable projection screen. Doc. No. 14-5 at PageID 91-92. Plaintiff's investigator also paid a $10 cover charge to enter Oddbody's Music Room. Doc No. 14-5 at PageID 91. Plaintiff presents evidence that it "retained at considerable expense, auditors and law enforcement personnel to detect and identify single pirates." Doc. No. 14-1 at PageID 68. Plaintiff does not, however, provide evidence of multiple violations by Defendants or of the specific cost of retaining Darcie Rhodeback to investigate this violation.

Considering the relatively small number of patrons at Oddbody's Music Room during the program and the lack of evidence of repeated or multiple violations, the Court finds the requested statutory damages of $10,000—four times the licensing fee—to be excessive. *See Joe Hand Promotions, Inc. v. Truong*, No. 3:19-CV-00701, 2020 WL 7014303 at *5 (M.D. Tenn. May 20, 2020) (finding $10,000 in damages to be excessive at two and a half times the licensing fee). Plaintiff's economic losses start with the $2,500 licensing fee that Defendants did not pay. Doc. No. 14-2 at PageID 72. However, the licensing fee alone "does not adequately compensate [Plaintiff] for the cost of the investigator employed to identify single pirates […] or the harm to its reputation and goodwill." *See Joe Hand Promotions, Inc. v. Essex*, No. 1:20-CV-899, 2011 WL 4182358 at *5 (S.D. Ohio Sept. 13, 2022). Defendants also charged a cover of $10 per patron to further profit from the violation. Doc No. 14-5 at PageID 91. For these reasons, the Court will double the applicable licensing fee and award Plaintiff $5,000 in statutory damages. *See id.* (awarding $2,400 when the licensing fee was $1,200 to account for investigation costs and harm to goodwill); *Joe Hand Promotions, Inc. v. Young*, No. 5:09-CV-157, 2010 WL 3341449 at *3 (W.D. Ky. Aug. 24, 2010) (awarding $4,800 when approximately 76 patrons paid a $3 cover charge to watch the broadcast); *Truong*, 2020 WL 7014303 at *5 (adding the licensing fee and the cost of investigation to award $4,450); *Joe Hand Promotions, Inc. v. Mathews*, No. 2:22-CV-2593, 2023 WL 2727251 at *4 (S.D. Ohio March 31, 2023) (awarding 1.5 times the cost of the licensing fee when only three to five patrons were present at the time of the violation and the defendant did not charge a cover).

Additionally, Plaintiff seeks enhanced damages of $20,000. Doc. No. 14-4 at PageID 89. The Court may award up to $100,000 in enhanced damages per violation where "the violation was

committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).

The Court finds that Plaintiff is entitled to enhanced damages because "Defendants knowingly and willfully intercepted the [p]rogram for purposes of direct or indirect commercial advantage or private financial gain." *See Truong*, 2020 WL 7014303 at *6. First, Plaintiff demonstrated that Defendants' conduct was willful "because intercepting and unscrambling a television signal requires an overt act" that could not have been inadvertent or accidental. *See id.*; *see also Essex*, 2022 WL 4182358 at *5 (concluding that the violation was willful because "intercepting and broadcasting the Program cannot be done inadvertently"); Doc. No. 1 at PageID 5; Doc. No. 14-4 at PageID 84. Additionally, Oddbody's Music Room "advertised its broadcasting of the [p]rogram on its Facebook page prior to the event[,]" which shows willfulness. *See Truong*, 2020 WL 7014303 at *6; Doc. No. 14-6 at PageID 93 (picture of Oddbody's Promopage Facebook post on February 22, 2020 stating "Yes We Showing The Fight" and "Fight Party"). Second, Plaintiff demonstrated that Defendants' conduct was for commercial advantage or private financial gain because Defendants advertised that Oddbody's Music room would show the program (Doc. No. 14-6 at PageID 93), exhibited the program on five televisions and an inflatable projection screen (Doc. No. 14-5 at PageID 91-92), and collected a $10 cover charge per person (Doc No. 14-5 at PageID 91). *See Krazy Chicken Int'l LLC*, 2022 WL 3022539 at *3 (finding that the defendants acted for a commercial advantage and private financial gain when they advertised the event on Facebook and exhibited the broadcast in the establishment).

Although the Court finds that Defendant willfully violated the statute, Plaintiff's request for $20,000 in enhanced damages is excessive. "District courts within the Sixth Circuit have doubled or tripled the statutory damages award to calculate an appropriate enhanced damages

award for willful violations." *Essex*, 2022 WL 4182358 at *5 (listing cases awarding enhanced damages double or triple the statutory damages); *see Truong*, 2020 WL 7014303 at *6 (awarding $8,900—double the statutory damages of $4,450—when the defendant advertised the broadcast on Facebook and charged some patrons a cover). Some district courts within the Sixth Circuit have awarded lower or no enhanced damages if a willful violation did not ultimately lead to significant financial gain. *See Essex*, 2022 WL 4182358 at *6 (awarding enhanced damages in the amount of half the statutory damages when there were no allegations of past violations, there was no cover charge, and the Facebook post was published by a person that was not tied to the defendants); *Mathews*, 2023 WL 2727251 at *4 (declining to award enhanced damages where the defendant did not charge a cover and a maximum of five patrons viewed the broadcast).

Under the circumstances presented here—including a Facebook post by the establishment and a cover charge—the Court exercises its discretion to multiply the base statutory award of $5,000 by two. This results in an award of $10,000 in enhanced damages. Accordingly, Plaintiff is entitled to $15,000 in total damages against Defendants.

### ii. Attorneys' Fees and Costs

Plaintiff also seeks $1,350 in attorneys' fees and $402 in costs pursuant to § 605(e)(3)(B)(iii). Doc. No. 14 at PageID 66. The statute provides that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff's counsel submitted an affidavit asserting that he spent 4.5 hours of time at a cost of $300 per hour for a total of $1,350 in attorneys' fees. Doc. No. 14-3 at PageID 73. He also avers that Plaintiff spent $402 in court costs, representing the filing fee for this action. Doc. No. 14-3 at PageID 73. These costs are consistent with costs

awarded in similar cases before this Court.  *See Mathews*, 2023 WL 2727251 at *5; *Essex*, 2022 WL 4182358 at *6.  Therefore, the Court will award $1,752 in total for attorneys' fees and costs.

**III.**

Having reviewed the pleadings and evidence in this case, and being fully satisfied therewith, the Court finds that the prerequisites for a declaratory judgment have been met. Plaintiff's motion for a default judgment (Doc. No. 14) is therefore **GRANTED**.  The Court **ORDERS** that Defendants shall pay Plaintiff: (1) $5,000 in statutory damages; (2) $10,000 in enhanced damages; (3) $1,350 in attorneys' fees; and (4) $402 in costs.  This totals $16,752.  The Clerk shall **ENTER JUDGMENT** in favor of Plaintiff for $16,752.00 and **TERMINATE** this case on the docket.

**IT IS SO ORDERED.**

  January 16, 2024                           s/Michael J. Newman
                                                  Hon. Michael J. Newman
                                                    United States District Judge